IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIANO RAMIREZ-SALAZAR,

    Plaintiff,     No. 2:13-cv-0206 KJM CKD P

  vs.

CARO MARKS, et al.,    ORDER AND

    Defendants.    FINDINGS AND RECOMMENDATIONS

_____/

  Plaintiff, a federal prisoner proceeding pro se, has filed a civil rights complaint and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. In Forma Pauperis

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.

§ 1915(b)(2).

II. <u>Screening of Plaintiff's Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v.</u>

Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff is attempting to sue various attorneys employed at the Federal Defender's Office for the Eastern District of California, whom he alleges were involved with his representation in case number 2:97-CR-00591-001.  Plaintiff alleges that defendants engaged in conspiracy and fraud which resulted in him being falsely imprisoned upon conviction.  Plaintiff seeks declaratory judgment and compensatory and punitive damages.

Although plaintiff alleges violations under 42 U.S.C. § 1983 for the deprivation of civil rights, claims against federal actors for civil rights violations are properly raised, if at all, under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  To state a claim under section 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  The elements of a Bivens claim are similar, except that in a Bivens action the plaintiff must allege that the defendant acted under color of federal law.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

Even under Bivens, however, plaintiff's allegations fail to state a claim upon which relief can be granted.  First, federal public defenders do not act under the color of federal law for purposes of a Bivens action.  Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) ("If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in a federal criminal proceeding.").  Second, the Officer of the Federal Defender itself cannot be held liable for its attorneys under a theory of respondeat superior.  See Monell v. New York City Dep't. Of Soc. Servs., 436 U.S. 658, 694 n. 58 (1978); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (respondeat superior theory of liability inapplicable to Bivens actions).

In addition, plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [set aside].  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (holding that Heck's requirements apply to Bivens actions).  Plaintiff makes no showing that his underlying conviction or sentence was reversed, expunged, or otherwise invalidated; rather he states he is still currently imprisoned.  His claims are therefore Heck-barred.

For these reasons, plaintiff has failed to state a cognizable claim for relief. Because the court cannot grant the relief sought by plaintiff, the complaint should be dismissed. In light of the obvious deficiencies as to claims presented and relief sought in this case, it would be futile to grant plaintiff leave to amend.  See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include... futility."); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Bureau of Prisons filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon which relief can be granted.

2. The clerk be directed to close this case.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 30, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
sala.0206.14b.new